**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>$215,587.22 IN U.S. CURRENCY SEIZED )<br>FROM BANK ACCOUNT NUMBER )<br>100606401387436 HELD IN THE NAME OF )<br>JJ SZLAVIK COMPANIES, INC. AT )<br>CITIZENS BANK, *ET AL.*, )<br><br>Defendants. ) | Civil Action No. 1:17-cv-00853-CRC |

**CLAIMANTS JOSEPH AND ANDREA SZLAVIK'S RESPONSE TO THE**
**GOVERNMENT'S NOTICE OF INTENT TO SERVE SPECIAL INTERROGATORIES**

Claimants Joseph and Andrea Szlavik ("Claimants"), through their undersigned counsel,

file this response to the government's Notice of Intent to Serve Plaintiff's First Set of Special

Interrogatories on Claimants Joseph and Andrea Szlavik Pursuant to Rule G(6) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  (ECF 6.)

In civil forfeiture actions, "special interrogatories" are limited to testing a claimant's standing to

challenge the asset seizure.  Because there is no non-frivolous standing argument vis-à-vis

Claimants, the government should be required to timely respond to Claimants' Motion to

Dismiss the Verified Complaint for Forfeiture *in Rem* (ECF 5) in keeping with the ordinary

briefing schedule set forth in the Local Rules.

On July 5, 2017, Claimants filed their Motion to Dismiss. (ECF 5.)  Among other things,

the motion argued the government had not properly pled that Mr. Szlavik's consultancy was an

"unlicensed money transmitting business" in violation of 18 U.S.C. § 1960, and that the

Complaint was time-barred.  The motion noted the government's case is unprecedented: there

1

does not appear to be a single instance in the relevant case law where a person or entity has been investigated, much less found liable, for operating an "unlicensed money transmitting business" due to courtesy money transfers incidental to the primary, nonfinancial business services.  (ECF 5, p. 21.)  Under Local Civil Rule 7, the government's opposition papers must be filed today, or the Court may treat the motion as conceded.  L. Civ. R. 7(b).

Yesterday, a day before the deadline, the government filed a notice indicating it would not respond to the Motion to Dismiss until 21 days after Claimants respond to special interrogatories.  (ECF 6.)  These have yet to be served on Claimants.  The notice states they may be served as late as July 26 – or 21 days after the Motion to Dismiss was filed.  Of course, Claimants would then need time to respond to the interrogatories; the government would need time to assess the responses; the parties would have to meet and confer; and motion practice may well ensue over the propriety of the demands and responses.  In other words, the government's notice announces it will unilaterally subordinate the threshold issue of whether a valid claim has been pleaded behind alleged questions concerning Claimants' standing.

Supplemental Rule G(6) permits the government to issue "special" interrogatories to claimants early in the forfeiture proceedings, but "[t]he purpose of such special interrogatories is to allow the government to 'gather information that bears on the claimant's standing.'" *U.S. v. All Assets Held at Bank Julius Baer & Co. Ltd., et al.*, 959 F. Supp. 2d 81, 92 (D.D.C. 2013) (quoting Supp. R. G(6)(a), Advisory Committee Notes, 2006 Adoption).  "'The special interrogatories, therefore, are limited to questions dealing solely with claimant's ownership interests in the property.'" *All Assets*, 959 F. Supp. 2d at 92 (quoting John K. Rabiej, *Supplemental Rule G Governing Pretrial Procedures in Forfeiture in Rem Actions*, PRAC. LITIG., May 2008, at 51).

In a civil forfeiture action, there are two potential standing questions concerning a claimant: Article III standing and so-called "statutory standing."  At the pleading stage, both pose low hurdles.  Statutory standing is satisfied simply by following the requirements of filing a claim under Supplemental Rule G(5)(a).[1]  *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 646 (7th Cir. 2013) (Posner, J.) ("Actually the 'bald assertion' [of ownership] would strictly comply with [Rule G(5)] . . . [B]ecause the claim was verified it was evidence, like an affidavit."); *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (statutory standard satisfied by "a claimant's unequivocal assertion of an ownership interest in the property"); *Lopez v. United States*, 2006 U.S. Dist. LEXIS 69113, at *9-10 (D.D.C. Sept. 26, 2006) ("At the pleading stage, a simple claim of ownership is sufficient to establish standing."). Here, Claimants' Claim on its face satisfies Supplemental Rule G(5)(a).  (ECF 4.)  There is no statutory standing question in this case.

As for Article III, "[t]he requirements for a [claimant] to demonstrate constitutional standing to challenge a forfeiture are very forgiving." *U.S. v. $17,900 in U.S. Currency*, 859 F.3d 1085, 1088 (D.C. Cir. 2017) (quoting *United States v. Emor*, 785 F.3d 671, 676 (D.C. Cir. 2015)). "In general, any colorable claim on the property suffices – typically, an ownership or possessory interest." *$17,900 in U.S. Currency*, 859 F.3d at 1088 (internal quotation marks omitted).  "At the pleading stage, a claimant need only *allege* a colorable interest in the property." *Id.* (emphasis original); *accord United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 68 (2d Cir. 2002) (Sotomayor, J.) ("The function of standing in a forfeiture action is [] truly threshold only."); *United States v. U.S. Currency, $81,000*, 189 F.3d 28, 35 (1st

---

[1] The requirements under Rule G(5)(a) are: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney.  Supp. R. (G)(5)(a).

Cir. 1999) ("[c]ourts [] do not deny standing to a claimant who is either the colorable owner of the res or who has any colorable possessory interest in it.").  As the Seventh Circuit has explained, "[a]t the pleading stage Article III standing is something to be alleged, not proved. All that must be alleged is an injury [] such as the injury inflicted by the government when it has got hold of money that belongs to the person. [] This is constitutional law 101." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 651 (7th Cir. 2013) (Posner, J.); *United States v. One-Sixth Share of James J. Bulger*, 326 F.3d 36, 41 (1st Cir. 2003) ("At the initial stage of intervention, the requirements for a claimant to demonstrate constitutional standing are very forgiving. In general, any colorable claim on the defendant property suffices.") (emphasis added); *United States v. Bearden*, 328 F.3d 1011, 1013 (8th Cir. 2003) ("[t]his threshold burden is not rigorous."); *Lopez v. United States*, 2006 U.S. Dist. LEXIS 69113, at *9-10 (D.D.C. Sept. 26, 2006) ("At the pleading stage, a simple claim of ownership is sufficient to establish standing.") (emphasis added); *see also* Stefan D. Cassella, Asset Forfeiture Law in the United States § 10-5a, at 126 (2010 Supp.) ("[A] claim that alleges ownership of the property, or that the claimant was in possession of the property at the time it was seized [] will usually survive a challenge to claimant's standing at this stage of the case."); 1 David B. Smith, Prosecution and Defense of Forfeiture Cases, ¶ 9.04[2][a], at 9-70.14 (2015 ed.) ("In order to establish Article III standing, a would-be claimant generally shows that he or she has an ownership, possessory, or security interest in at least a portion of the property. Such interests in property usually confer standing ….").

Here, apart from Claimants' sworn claim of ownership (ECF 4), the Complaint itself pleads that Claimants possess Article III standing.  First, the Complaint alleges that all the assets at issue (the "Seized Assets") were seized from accounts opened by Mr. Szlavik himself, or with

his wife, and for which he was the signatory.  (ECF 1, ¶¶ 2, 21, 64, 70, 75, 78, 81, 83-84.)  This means Mr. Szlavik enjoyed an ownership *or* possessory interest in the Seized Assets, either of which is sufficient to confer Article III standing.  *$17,900 in U.S. Currency*, 859 F.3d at 1088. Second, the government's whole Complaint is predicated on allegations that Mr. Szlavik owned and operated certain businesses (ECF 1, ¶ 16), which engaged in "unlicensed money transmitting business" (*id.*, ¶ 10), and that the Seized Assets were the proceeds of that business, from which Mr. Szlavik himself was remunerated for his services (*id.*, ¶¶15, 98).  Again, these allegations concede that Mr. Szlavik has either an ownership or possessory interest in the Seized Assets, both of which confer Article III standing.  *$17,900 in U.S. Currency*, 859 F.3d at 1088.

Article III standing may be satisfied through the forfeiture complaint's own allegations. *See*, *e.g.*, *United States v. Any and All Funds on Deposit in Account Number XXXXXXXXXXXX at HSBC Bank, etc.*, 87 F. Supp. 3d 163, 167 (D.D.C. 2015) (Cooper, J.) (holding that the forfeiture complaint established claimant's standing and that claimant's "personal use of the funds is a sufficient indicia of her control over the property"); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112-1113 (5th Cir. 1992) ("In this case, however, [claimant] need not have supplemented his claim with additional evidence, because the government had admitted [claimant's] relationship to the currency in the complaint."); *United States v. $263,327.95, 2013* U.S. Dist. LEXIS 43788, at *11-15 (D.N.J. Mar. 27, 2013) (government's motion to dismiss based on claimant's alleged failure to provide a detailed description of his connection to the property defies common sense as the complaint itself describes claimant's interest in the property; application of the standing requirement should not be "needlessly pedantic").

The government's abuse of special interrogatories to unilaterally delay resolution of a motion to dismiss –  and raise the claimant's legal expenses –  is not confined to this case.  The

DOJ's Money Laundering and Asset Recovery Section (MLARS) appears to serve special

interrogatories in so-called kleptocracy cases as a matter of course, whether or not there is a

colorable standing issue.  *See*, *e.g.*, *U.S. v. Approximately* £22 *Million in British Pounds, et al.*,

15-cv-1018 (D.D.C. 2015) (Leon, J.); *see also Any and All Funds on Deposit in Account Number*

*XXXXXXXXXXXX at HSBC Bank, etc.*, 87 F. Supp. 3d at 167; *All Assets Held at Bank Julius*

*Baer & Co. Ltd., et al.*, 959 F. Supp. 2d at 110 (rejecting misleading standing arguments by

MLARS).  The consequence is months of wasteful litigation concerning a frivolous standing

issue while threshold legal questions in the motion to dismiss languish unresolved on the docket.

Discovery requests must not be made for any improper purpose (such as delay), Fed. R.

Civ. P. 26(g)(1)(B)(ii), and nothing in Supplemental Rule G(6) says that the only manner of

establishing standing is through special interrogatories which a claimant must answer no matter

how frivolous.  *See*, *e.g.*, *United States v. Real Prop. Located at 17 Coon Creek Road*, 787 F.3d

968, 977 (9th Cir. 2015) (district court erred in striking claim for failure to answer Rule G(6)

special interrogatories; granting motion to strike was egregious where "claimant's Art. III

standing was not reasonably in dispute"); *United States v. Funds in the Amount of $239,400*, 795

F.3d 639, 645 n.3 (7th Cir. 2015) (special interrogatories "were not necessary to determine

standing, so the district court would have abused its discretion if it had granted the motion to

strike"); *United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014)

(holding it is an abuse of discretion to strike a claim for failure to respond to special

interrogatories that were not necessary to determine standing).

The government's delays are particularly concerning in this case.  The Seized Assets

were seized from Claimants in August 2013.  (ECF 1, ¶ 3.)  Yet the Complaint was not filed until

May 2017 – nearly four years later.  Such an undue delay is sufficient to trigger Fifth

Amendment due process concerns.  *See U.S. v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983).

Now, on top of that exceptional delay, the government attempts to put off resolution of

Claimants' Motion to Dismiss for months while the parties engage in unnecessary and

burdensome discovery concerning a frivolous standing argument.

Yesterday, on July 18, 2017, undersigned counsel requested a meet and confer

teleconference with counsel for the government to determine what non-frivolous standing

question necessitated special interrogatories.  The government's position appeared to be that it

would serve special interrogatories because it had the right under Supplemental Rule G(6), and

that it was premature to discuss what specific standing concerns the government may or may not

entertain.  But, as with any discovery demand, a theoretical right to propound discovery does not

permit a party to serve requests not warranted by the facts or circumstances.  Fed. R. Civ. P.

26(g)(1)(B).  There is no non-frivolous standing argument in this case with respect to Claimants

– as may be seen in the government's Complaint itself.

The government should be required to file its opposition to Claimants' Motion to Dismiss

according to the deadline set forth in Local Civil Rule 7(b).

Dated: July 19, 2017                     Respectfully submitted.
                                         **DAVID B. SMITH, PLLC**

                                         */s/ David B. Smith*
                                         David B. Smith (D.C. Bar No. 403068)
                                         108 N. Alfred St.
                                         Alexandria, VA 22314
                                         Phone:(703)548-8911
                                         Fax:(703)548-8935
                                         dbs@davidbsmithpllc.com

                                         Nicholas D. Smith (D.C. Bar No. 1029802)
                                         7 East 20th Street
                                         New York, NY 10003
                                         Phone: (917) 722-1096
                                         nds@davidbsmithpllc.com