UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                              )<br>                    Plaintiff,                    )<br>                                                              )<br>           v.                                             )           Civil Action No.: 17-853 (CRC)<br>                                                              )<br>$215,587.22 IN U.S. CURRENCY SEIZED )<br>FROM BANK ACCOUNT NUMBER         )<br>100606401387436 HELD IN THE NAME OF )<br>JJ SZLAVIK COMPANIES, INC. AT         )<br>CITIZENS BANK, *et al.*,                        )<br>                                                              )<br>                    Defendants.               )<br>                                                              ) | |

## GOVERNMENT'S REPLY TO CLAIMANTS' JOSEPH AND ANDREA SZLAVIK'S RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT TO SERVE SPECIAL INTERROGATORIES

The United States, by and through its undersigned attorneys, files this reply for the limited purpose of responding to Joseph and Andrea Szlavik's ("Claimants" or the "Szlaviks") Response to the Government's Notice of Intent to Serve Special Interrogatories ("Response").[1] *See* Response, ECF No. 7.

On July 5, 2017, the Szlaviks filed their Motion to Dismiss the United States' civil forfeiture complaint filed by the United States on May 9, 2017. ECF No. 5. On July 18, 2017, the United States filed its Status Report and Notice of Intent to Serve Plaintiff's First Set of Special Interrogatories on Claimants Joseph and Andrea Szlavik Pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Status

---

[1] Although it is not required to reply to the Claimants' response, given the requested relief —summarily denying the United States its opportunity to inquire as to Claimants' standing via Special Interrogatories—the Government asserts that such reply is necessary to correct the record and Claimants' legal misstatements. This reply is in no way intended to act as a substantive response to Claimants' Motion to Dismiss. As stated in the Status Report, the Government will either respond to Claimants' Motion to Dismiss within 21 days from the date of Claimants' response to the Government's Special Interrogatories, or file a Motion to Strike, as authorized by Rule G.

Report"). ECF No. 6. In the Status Report, the Government advised the Court of its intention to propound Special Interrogatories on Claimants in this case, as provided for by Rule G(6). *Id.* ¶ 6; *see also* Supp. R. G(6)(a). The Government further advised the Court that within twenty-one days of receipt of the Claimants' responses to those Special Interrogatories, it would either respond to the Claimants' Motion to Dismiss or move to strike the Claimants' claim. Status Report, ECF No. 6 ¶ 8. As noted in the Advisory Committee Notes to Supplemental Rule G, "It remains useful [] to permit the [G]overnment to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing." Consistent with these principles and this guidance, the Government reiterates its intention to propound Special Interrogatories on Claimants on July 26, 2017.

The Szlaviks now assert that the Government, by filing its Verified Complaint, has somehow implicitly conceded Claimants' standing. The Szlaviks further argue that this Court must adjudicate Claimants' motion to dismiss before the Szlaviks are required to respond to the Government's Special Interrogatories. But, this is not the law. *See* Supp. R. G(8)(c)(ii)(A) (government's motion to strike on standing grounds "must be decided before any motion by the claimant to dismiss the action"). As explained below, Supplemental Rule G expressly provides that the Government may propound special interrogatories on Claimants any time after a claim is filed and that any response to Claimants' motion to dismiss is stayed until after Claimants have responded to these interrogatories. *See* Supp. R. G(6)(c) and G(8)(c)(ii); *United States v. $104,250.00*, 947 F.Supp.2d 560, 656 (D. Md. 2013) (Government is not required to respond to Claimants' motion to dismiss until after he or she has responded to special interrogatories); *United States v. $750,000*, 2011 U.S. Dist. LEXIS 142936, at *2-3 (S.D.N.Y. Dec. 8, 2011) (same).

This is a civil forfeiture action in which the United States is the plaintiff, the property is the defendant, and Claimants *are interveners* seeking to challenge the forfeiture. *See United States v. All Funds in Account Nos. 747.034/278*, 295 F.3d 23, 25 (D.C. Cir. 2002). Contrary to Claimants' assertion that the Government conceded Claimants' standing in its complaint, it is hornbook law that, "Article III standing must be determined as a threshold matter in every federal [forfeiture] case." *United States v. Real Property Located at 5208 Los Francisco Way ("Markarian")*, 385 F.3d 1187, 1191 (9th Cir. 2004); *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) ("In order to contest a government forfeiture action, claimants must have" standing). Standing must be determined first, before the Court turns to any other issues, because without it, the Court lacks jurisdiction to hear any other aspect of the case. *See United States v. Lazarenko*, 476 F.3d 642, 649 (9th Cir. 2007) (standing establishes "whether the litigant is entitle[d] to have the [C]ourt decide the merits of the dispute or the particular issues.").

In order to ensure a claimant has standing and is properly intervening in the action, "[t]he government may serve special interrogatories limited to the claimant[s'] identity and relationship to the defendant property without the [C]ourt's leave at any time after the claim is filed and before discovery is closed." Supp. R. G(6). And, as is the case here, once a "claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served." *Id.* The Government need not respond to the motion to dismiss—or any of Claimants' filings—until 21 days after the Szlaviks have answered these interrogatories. *Id.; see also $104,250.00*, 947 F.Supp.2d at 656 (D. Md. 2013). "The purpose of Rule G special interrogatories is to allow the government 'to gather information that bears on the claimant[s'] standing . . . which facilitates the prompt elimination of claimants who have no right to participate in the proceedings . . . .'" *United States v. All Assets Held at Julius Baer & Co.*, 959

F. Supp. 2d 81, 92 (D.D.C. 2013).  "Indeed, the importance of the standing issue and of the role of the special interrogatories is underscored by Rule G(6)(c) and G(8)(c)(ii)(A) which provide the claimant must respond to the special interrogatories and [the] court must first determine whether the claimant has standing to contest the forfeiture, before [the] court addresses any other issue that the claimant may raise."  *$104,250.00*, 947 F.Supp.2d at 565.

Here, serious concerns exist with regard to the Claimants' standing.  For instance, among other things:

- Several of the assets at issue in this litigation were maintained in bank accounts in the names of various legal entities, including (i) Item 1 which was a bank account held solely in the name of JJ Szlavik Companies, Inc.; (ii) several bank accounts—collectively constituting Item 4—which were held in-part in the name of Scribe Strategies and Associates; and (iii) Item 6 which was another bank account held solely in the name of Mercury Management, Inc.  *See* Verified Claim, ECF No. 4.  Special interrogatories are appropriate to discover the nexus between (i) Joseph Szlavik and these legal entities as well as (ii) these legal entities and the Defendant *Res*.

- Similarly, Item 2 is a bank account held only in the name of Joseph Szlavik.  Because Andrea and Joseph Szlavik have both asserted an ownership interest over this asset, special interrogatories are appropriate to discover further details relating to (i) the current relationship between Joseph and Andrea Szlavik as well as (ii) the relationship between Andrea Szlavik and the funds in this bank account.

- As described in the Complaint, multiple third parties, including the Republic of Gabon, ISIS Investments, SA Finelec, the Economic Exchange Centre in the

- United Arab Emirates ("UAE"), and a bank account in Switzerland maintained in the name of a person associated with a UAE business, funneled more than approximately $7,500,000 to multiple bank accounts where the Defendant *Res* were maintained. *See* Complaint ¶¶ 27–38. The funds in these accounts were used to make payments to dozens of additional third parties in the United States. *See id.* ¶¶ 39–62. The relationship between the Szlaviks and these persons and entities may also be relevant in assessing their standing to contest this action.

- Furthermore, no person or individual, including Claimants, have ever requested that the Defendant *Res*, which were seized pursuant to a federal seizure warrant upon a finding of probable cause, be returned. Likewise, prior to June 14, 2017, when the instant claim was filed, no person or entity has ever represented to the United States that they possess an interest, proprietary or otherwise, in the Defendant *Res.* As such, special interrogatories are entirely appropriate to obtain further information as to the current relationship between these assets and the Szlaviks. *See United States v. $2,051,660.00 in U.S. Currency*, 2008 WL 8723566 (D. Kan. Sept. 29, 2008) (granting motion to compel responses to special interrogatories; that claimant has asserted standing in his claim based on possession of the property at the time it was seized does not mean the Government does not have the right to challenge standing under Rule G(8)(c) after obtaining discovery).

Yet, Claimants argue that Special Interrogatories are unnecessary at this juncture. Despite the fact that Claimants have not been served with a single special interrogatory to date, the Szlaviks—without waiting to even review any of the discovery the Government intends to

propound on July 26, 2017—insist, breathlessly, that the Government's Special Interrogatories are "unnecessary," "burdensome" and "frivolous." This is baseless. Claimants have not, because they cannot, cite any factual basis for these allegations. To the contrary, several courts have held that special interrogatories play an important role in resolving standing issues in a forfeiture action. *See, e.g., United States v. $410,000*, 2007 WL 4557647, at *7 n.5 (D.N.J. 2007) (granting motion to compel responses to special interrogatories because they are necessary to insure claimant has standing and to protect against nominee claimants). As such, it is entirely appropriate and consistent with the clear text of Rule G to require Claimants to respond to special interrogatories at this time.

Finally, Claimants' contention that the Government possesses no "non-frivolous" basis for propounding special interrogatories is equally baseless. *See* Response at 7. Claimants contend that during a telephone conference on July 18, 2017, the Government could not articulate a "non-frivolous" basis to propound special interrogatories. This is not true. As noted above, several important questions exist as to the validity of the Szlaviks' standing to contest this forfeiture. During the July 18 teleconference, the Government explained to Claimants' counsel that standing is a fact intensive inquiry and that Special Interrogatories were necessary to explore further, among other things, (i) the impact of Andrea and Joseph Szlavik's divorce proceedings on the distribution of their marital assets; (ii) details relating to the relationship between Andrea and Joseph Szlavik insofar as they relate to some of the Defendant *Res*; and (iii) the relationship between the Szlaviks and the legal entities in whose names many of the relevant bank accounts were opened and maintained. Indeed, at no time, did Claimants' counsel ever argue to the Government that these factual issues were not relevant for purposes of assessing the Szlaviks' standing to participate in this litigation.

Dated:  July 24, 2017					Respectfully submitted,

						DEBORAH CONNOR, Acting Chief
						MONEY LAUNDERING AND ASSET
						RECOVERY SECTION

						By: _____/s/_____
						Woo Lee, D.C. Bar No. 486004
						Deputy Chief
						Patricia M. Sulzbach, D.C. Bar No. 979444
						Marina C. Stevenson, D.C. Bar No. D00452
						Trial Attorneys
						Money Laundering and Asset Recovery Section
						U.S. Department of Justice, Criminal Division
						1400 New York Avenue, NW, Ste 10100
						Washington, D.C.  20005
						Tel: (202) 616-2342
						Fax: (202) 514-5522

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2017, a true, correct and complete copy of the foregoing Government's Reply to Claimants' Response was served on Claimants' counsel by electronic mail as follows:

David Benjamin Smith
Smith & Zimmerman, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
dbs@davidbsmithpllc.com

Nicholas Smith
Smith & Zimmerman, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
nds@davidbsmithpllc.com

_____/s/_____
Marina C. Stevenson, D.C. Bar No. D00452
Trial Attorney
U.S. Department of Justice
1400 New York Ave., NW
Washington, D.C.  20005
(202) 616-2342