# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )  <br>  )  <br>  **Plaintiff,**  )  <br>  )  <br>  v.  )  <br>  )  <br>  **$215,587.22 IN U.S. CURRENCY SEIZED**  )  <br>  **FROM BANK ACCOUNT NUMBER**  )  <br>  **100606401387436 HELD IN THE NAME OF**  )  <br>  **JJ SZLAVIK COMPANIES, INC. AT**  )  <br>  **CITIZENS BANK,** *et al.*,  )  <br>  )  <br>  **Defendants.**  )  <br>  _____ ) | **Civil Action No.: 17-853 (CRC)**  <br><br> **PLAINTIFF'S FIRST SET OF**  <br> **SPECIAL INTERROGATORIES**  <br> **TO CLAIMANT JOSEPH**  <br> **SZLAVIK** |

**PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**
**TO CLAIMANT JOSEPH SZLAVIK**

Plaintiff hereby propounds the following Special Interrogatories pursuant to Rule G(6) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions to claimant Joseph Szlavik. Each claimant is requested to answer each Special Interrogatory separately and fully in accordance with those Supplemental Rules, the Federal Rules of Civil Procedure, and the Local Rules of the Court of the U.S. District Court for the District of Columbia, in which this action is pending, and to serve such responses within twenty-one (21) days upon the undersigned, at the United States Department of Justice, Criminal Division, 1400 New York Avenue, N.W., Suite 10100, Washington, District of Columbia 20005.

These Special Interrogatories are addressed to you as putative claimants in this forfeiture proceeding and your answers must be based upon all of the knowledge of the claimant as is within your possession, custody or control, including but not limited to knowledge and documents in the possession, custody or control of your investigators, employees, accountants, consultants, attorneys or other agents. Where facts set forth in answers or portions thereof are supplied upon

information and belief, rather than upon actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information and belief. If you cannot answer in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

## **INSTRUCTIONS**

1. With respect to each Special Interrogatory, you are requested to do the following:

    A. Divulge all information which you, your attorneys, investigators, agents, employees, or other representatives may have available.

    B. Identify and quote each Special Interrogatory in full immediately preceding the statement of any answer or objection, pursuant to Local Rule 26.2(d) of the U.S. District Court for the District of Columbia.

2. Responses to these Special Interrogatories are subject to Rule G and Rule 26(e) of the Federal Rules of Civil Procedure, and you are under a duty to reasonably amend and/or supplement responses. These Special Interrogatories are continuing in nature, meaning that if, at any time after submitting your initial written responses and producing responsive documents, you obtain information, knowledge, or documents causing you to believe that the response to any Special Interrogatory was not true, correct, or complete when given, you are required to provide, by way of supplementary responses and productions, the true, correct, and complete answers to the Special Interrogatory, in writing under oath, or any other documents responsive to the Interrogatory. Should such additional information not be furnished, the Government may move to strike or preclude such information at time of trial.

      3.      In each of your answers to these Special Interrogatories, you are requested to provide not only such information that is in your possession and control, but also all information that is reasonably available. In the event that you are able to provide only part of the information required by any particular Special Interrogatory, please provide as much information as you are able to provide and state the reason for your inability to provide the remainder, as well as the effort expended to obtain the requested information. Information in the possession and control of Claimant's businesses, associated organizations, related organizations, organizations under common control, predecessors in interest, spouses, relatives, friends, associates, employers, consultants, accountants, attorneys, investigators, agents, employees, or other representatives, whether past or present, shall also be provided.

      4.      Where a Special Interrogatory calls for an answer which involves more than one part or sub-part, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective sub-part.

      5.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the past tense shall include the present tense where the clear meaning is not distorted.

      6.      If you refuse to respond to any Special Interrogatory or subpart thereof, on the ground of privilege, identify:

          A.      The nature of the privilege;

          B.      the author and recipient of the responsive material*;*

          C.      the date of the responsive material; and

          D.      a description of the subject matter of the contents of the responsive material.

7.     If only part of the Special Interrogatory is objected to, respond to the remaining portion and indicate the portion to which you are responding.

8.     For each Special Interrogatory, separately identify:

   A.   All sources of information and all documents and communications maintained by you, or by any other person, upon which you relied in making such response or of which you are aware refers or relates to any matter referenced in such response; and

   B.   the person or persons most familiar with the facts requested, as well as those with whom you consulted in preparing your response to such interrogatory.

## DEFINITIONS

1.     The term "You" and "Your" refers to claimant, Joseph Szlavik.

2.     The term "Plaintiff" refers to the United States of America and any of its constituent agencies.

3.     The term "Person" refers to, and includes, all natural persons, corporations, partnerships, associations, governmental departments and agencies, and any other form or entity or whatsoever in nature.

4.     The term "Document," as used herein, is to be liberally construed to include all originals, copies, and duplicates of any writings, recordings (graphic, photographic, or phonic), letters, words, numbers or their respective equivalents set down either by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording or other form of data compilation, as well as all photographs, X-ray films, video tapes, audio tapes and motion pictures, including but not limited to, correspondence, letters, telegrams, mailgrams,

records, reports, including medical reports, memoranda, invoices, contracts, statements, writings, canceled checks, microfilms, discs, and all other kinds of written or documentary personal property.

5. The terms "Property" and "Asset" shall be read to have the same meaning.

6. The term "Including" means including, but not limited to.

7. The term "Defendant Funds" refers to the Defendant *Res* in the above-captioned matter, that is, the defendant bank accounts against which the verified complaint for forfeiture was filed in the U.S. District Court for the District of Columbia.

8. A request for the "identity" of an individual constitutes a request to state:

   A. The present name and date of birth of such person, if known, or if not known, as complete a description of such person as is possible.

   B. The present address and telephone number, both residential and business, of such person, if known, or if not known, the last known address and telephone number of such person and all available information as to his or her whereabouts.

   C. The capacity of such person, whether individual, partnership, corporation, agency or otherwise, and to the extent that such information is known to you or within your possession or control, when the information provided refers to an organized entity, the place and date of the formation and identity of the responsible agency and officer.

   D. The relationship, if any, to the party to whom the special interrogatories are directed, e.g. employee, stockholder, director, husband, child, etc.

   E. Whether said party is under your control for purpose of your ability to

produce them for a deposition without the issuance of a subpoena.

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Describe with specificity the scope and nature of your interest, if any, in the $215,587.22 seized from Citizens Bank Business Checking Account #100606401387436 held in the name of JJ Szlavik Companies, Inc.   Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

b. the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

c. the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

d. the reason(s) the above funds were obtained; and

e. a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

### SPECIAL INTERROGATORY NO. 2

Describe with specificity the scope and nature of your interest, if any, in the $10,174.52 seized from Wells Fargo Checking Account #2045233794 held in the name of Joseph Szlavik.  Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds,

    as stated in your Verified Claim;

b.  the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

c.  the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

d.  the reason(s) the above funds were obtained; and

e.  a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

## SPECIAL INTERROGATORY NO. 3

Describe with specificity the scope and nature of your interest, if any, in the $27,835.09 seized from TD Ameritrade Brokerage Account #873653221 held in the name of Joseph Szlavik Your answer should include, but not be limited to, the following:

a.  Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

b.  the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

c.  the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

d.  the reason(s) the above funds were obtained; and

    e.  a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

**<u>SPECIAL INTERROGATORY NO. 4</u>**

Describe with specificity the scope and nature of your interest, if any, in the $72,000.00 seized from TD Ameritrade Individual Retirement Account ("IRA") #784051843 held in the name of Joseph Szlavik.   Your answer should include, but not be limited to, the following:

    a.  Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

    b.  the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

    c.  the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

    d.  the reason(s) the above funds were obtained; and

    e.  a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

**<u>SPECIAL INTERROGATORY NO. 5</u>**

Describe with specificity the scope and nature of your interest, if any, in the $4,600.00 seized from Washington First Bank Business Checking Account #4100662 held in the name of Joseph Szlavik

and/or Scribe Strategies and Associates. Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

b. A detailed description of what interest, if any, Scribe Strategies and Associates maintained in the above funds;

c. the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

d. the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

e. the reason(s) the above funds were obtained; and

f. a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

## SPECIAL INTERROGATORY NO. 6

Describe with specificity the scope and nature of your interest, if any, in the $100.00 seized from Washington First Bank Account #1100769 held in the name of Joseph Szlavik. Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

b. the date(s), time, place, and manner in which these funds were obtained, including the

  names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

c. the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

d. the reason(s) the above funds were obtained; and

e. a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

**SPECIAL INTERROGATORY NO. 7**

Describe with specificity the scope and nature of your interest, if any, in the $106,224.83 seized from Washington First Bank Account #3100650 held in the name of Joseph Szlavik. Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

b. the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

c. the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

d. the reason(s) the above funds were obtained; and

e. a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other

legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

### SPECIAL INTERROGATORY NO. 8

Describe with specificity the scope and nature of your interest, if any, in the $25,000.00 seized from Morgan Stanley Smith Barney Account #22J-35212-11 held in the name of Joseph Szlavik. Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds, as stated in your Verified Claim;

b. the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

c. the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

d. the reason(s) the above funds were obtained; and

e. a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

### SPECIAL INTERROGATORY NO. 9

Describe with specificity the scope and nature of your interest, if any, in the $13,883.55 seized from First Niagara Bank Business Account #1367473 held in the name of Mercury Management, Inc. Your answer should include, but not be limited to, the following:

a. Any and all facts supporting your contention that you are the "owner" of the above funds,

    as stated in your Verified Claim;

b. A detailed description of what interest, if any, Mercury Management, Inc. possessed in the above funds;

c. the date(s), time, place, and manner in which these funds were obtained, including the names, addresses, and telephone numbers of the person(s) from whom the above funds were obtained;

d. the circumstances of each transaction by which you acquired or obtained any interest in the above funds;

e. the reason(s) the above funds were obtained; and

f. a description of any disposition, release, or disclaimer of ownership of these funds, including as part of any divorce, criminal, civil, or any other legal proceeding, or any other legal proceeding, to include claiming the seizure of these funds as a financial loss on any filed tax returns.

## SPECIAL INTERROGATORY NO. 10

For the time period February 1, 2010 through August 31, 2013, describe with specificity your relationship with the JJ Szlavik Companies. For this entity:

    a. Identify your title and role within the legal entity.

    b. Describe your role and responsibilities.

    c. Describe what, if any, shares or percentage of the equity interest you owned of the legal entity.

    d. State what, if any, compensation or earnings you received from the company.

## SPECIAL INTERROGATORY NO. 11

For the time period February 1, 2010 through August 31, 2013, describe with specificity your

relationship with Scribe Strategies and Associates. For this entity:

    a. Identify your title and role within the legal entity.

    b. Describe your role and responsibilities.

    c. Describe what, if any, shares or percentage of the equity interest you owned of the legal entity.

    d. State what, if any, compensation or earnings you received from the company.

### **SPECIAL INTERROGATORY NO. 12**

For the time period February 1, 2010 through August 31, 2013, describe with specificity your relationship with Mercury Management, Inc. For this entity:

    a. Identify your title and role within the legal entity.

    b. Describe your role and responsibilities.

    c. Describe what, if any, shares or percentage of the equity interest you owned of the legal entity.

    d. State what, if any, compensation or earnings you received from the company.

### **SPECIAL INTERROGATORY NO. 13**

For the time period February 1, 2010, through the present, identify and describe your employment history. For each job you held during the relevant period:

    a. Identify the name of your employer;

    b. Identify your job title and place of employment;

    c. Describe your responsibilities and duties:

    d. State the time period in which you were employed at this job; and

    e. Describe what, if any, compensation or earnings you received in connection with this job.

**SPECIAL INTERROGATORY NO. 14**

For the time period February 2010 through August 2013, describe and explain your relationship, including any financial interactions, with Derek Ashby.

**SPECIAL INTERROGATORY NO. 15**

For the time period January 1, 1997, through August 2013, identify and explain your relationship, including any financial interactions, with Inge Lynn Collins-Bongo.

**SPECIAL INTERROGATORY NO. 16**

For the time period January 1, 1997, through August 2013, identify and explain your relationship, including any financial interactions, with the Republic of Gabon.

**SPECIAL INTERROGATORY NO. 17**

For the time period January 1, 1997, through August 2013, identify and explain your relationship, including any financial interactions, with Pascaline Bongo.

**SPECIAL INTERROGATORY NO. 18**

For the time period January 1, 1997, through August 2013, identify and explain your relationship, including any financial interactions, with Isis Investments.

**SPECIAL INTERROGATORY NO. 19**

For the time period February 2010 through August 2013, identify and explain your relationship, including any financial interactions, with SA Finelec.

**SPECIAL INTERROGATORY NO. 20**

Describe your relationship with Andrea Szlavik, including when you first married Andrea Szlavik and when the marriage was terminated.

**SPECIAL INTERROGATORY NO. 21**

Explain each and every source (other than those identified in Special Interrogatory Nos. 1

through 9) from which you claim that each of the Defendant Funds in the above-captioned action was derived.  Your answer should include the date each of the Defendant Funds was obtained, from whom (name, residential address, and telephone number) each of the Defendant Funds was obtained, the exact amount of money derived from each source, and the reason you obtained each of the Defendant Funds.

**SPECIAL INTERROGATORY NO. 22**:

If any person or entity other than you has an interest in any part of the defendant assets in the above-captioned action, please identify that person or entity, state the nature of that interest, and describe how it arose, with the same level of detail requested in Special Interrogatory Nos. 1 through 9.

**SPECIAL INTERROGATORY NO. 23**:

Did you at any time disclaim ownership of any of the defendant assets in the above-captioned action?  If so, please describe in detail the circumstances under which you disclaimed ownership, and identify any documents you executed at or about the time you disclaimed ownership.

**SPECIAL INTERROGATORY NO. 24**:

Prior to entering into your marriage with Andrea Szlavik or at any time thereafter, describe any and all property agreements (such as a prenuptial contracts, trust agreements or divorce settlements) governing the division of any property with you and Andrea Szlavik.

**SPECIAL INTERROGATORY NO. 25**

Identify all documents utilized or relied upon to respond to these Special Interrogatories.  For each such document, identify the custodian of the document, including their name, address, and telephone number.

Sign the attached declaration and forward it along with your responses.  (Signature of counsel is not acceptable).


Dated:  July 26, 2017                                    Respectfully submitted,

                                                         DEBORAH CONNOR, Acting Chief
MONEY LAUNDERING AND ASSET
RECOVERY SECTION

By:  _____/s/_____
Woo Lee
Deputy Chief
Patricia M. Sulzbach
Marina C. Stevenson
Trial Attorneys
Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Avenue, NW, Ste 10100
Washington, D.C.  20005
Tel: (202) 514-5522
Fax: (202) 616-2342

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 26, 2017, a true, correct and complete copy of the foregoing United States' First Set of Special Interrogatories to Claimants Joseph and Andrea Szlavik was served on Claimants' counsel by electronic mail as follows:

David Benjamin Smith
Smith & Zimmerman, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
dbs@davidbsmithpllc.com

Nicholas Smith
Smith & Zimmerman, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
nds@davidbsmithpllc.com

                _____
                Marina C. Stevenson, D.C. Bar No. D00452
                Trial Attorney
                U.S. Department of Justice
                1400 New York Ave., NW
                Washington, D.C.  20005
                (202) 616-2342