UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                  )<br>                                  Plaintiff,           )<br>                                                                  )<br>v.                                                             )<br>                                                                  )<br>$215,587.22 IN U.S. CURRENCY SEIZED )<br>FROM BANK ACCOUNT NUMBER          )<br>100606401387436 HELD IN THE NAME OF )<br>JJ SZLAVIK COMPANIES, INC. AT              )<br>CITIZENS BANK, *et al.*,                              )<br>                                                                  )<br>                                  Defendants.      )<br>_____)| Civil Action No.: 17-853 (CRC) |

## PROPOSED CONSENT JUDGMENT OF FORFEITURE

Whereas, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Complaint") in this case (the "Pending Action") on May 9, 2017, related to its seizure of funds from nine separate bank accounts (the "Defendant Accounts"), as more fully described in the Complaint. Dkt. 1. On June 14, 2017, Andrea and Joseph Szlavik filed a joint verified claim to the funds in one of the Defendant Accounts, and Joseph Szlavik also filed a verified claim to all remaining Defendant Accounts that are the subject of the Pending Action. On May 15, 2018, following preliminary discovery and negotiations, the United States filed a Joint Stipulation to Release Funds to Andrea Szlavik regarding the funds to which Andrea Szlavik had filed a claim, in full satisfaction of her claim. Those funds, comprising $5,087.26, were subsequently released to Andrea Szlavik. The Defendant Accounts were seized by the United States and all but the portion released to Andrea Szlavik remain in the possession of the United States. Notice of the Pending Action was published on the government website www.forfeiture.gov for 30 consecutive days, and the deadline for third party claims to be filed in this matter has also expired.

Whereas, Plaintiff United States and Joseph Szlavik have reached a Settlement Agreement that is dispositive of the Pending Action, and the parties hereby request that the Court enter this Consent Judgment of Forfeiture ("Forfeiture Judgment").  The Settlement Agreement is filed as Exhibit A to this Forfeiture Judgment.

**WHEREFORE, IT IS ORDERED, ADUDGED AND DECREED:**

1. Notice of this Pending Action has been given in accordance with law.  All potential claimants other than Andrea Szlavik, Joseph Szlavik, and any and all companies, officers, agents, representatives, heirs, assigns, and employees of same, are deemed to have admitted the allegations of the Complaint.  The allegations in the Complaint are sufficient to provide a basis for forfeiture on the terms described herein.

2. Szlavik represents that he owns the Defendant Accounts that are the subject of his verified claim.

3. One hundred ninety-eight thousand dollars ($198,000) of the Defendant Accounts, without interest, shall be returned to Joseph Szlavik, via his counsel, in full satisfaction of his claim.  Szlavik shall not file any future claim with respect to the Defendant Accounts or any facts related to the Complaint.

4. $272,317.95 of the Defendant Accounts and all interest earned on the entirety of the Defendant Accounts since seizure, shall be forfeited by the United States, and all right, title, and interest shall be vested in the United States and no one else.

5. Szlavik shall not file a claim or contest the administrative forfeiture of $4,000 seized from his residence on September 5, 2013, which funds were administratively forfeited by the United States on October 20, 2014.

6. Szlavik agrees to forever discharge and hold harmless the United States and any and all of its agencies, agents, officers, employees and contractors (including, but not limited to, the Department of Justice, the Department of Homeland Security, and their agents officers, employees and contractors) from any and all claims, forfeitures, liabilities, obligations, appeals, or demands arising out of or related to the Pending Action, the investigation leading to the Pending Action, or the seizure of any Defendant *In Rem*, including, but not limited to, any claim for attorneys' fees, costs or interests which may be asserted on behalf of Szlavik, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. The United States, on its own behalf and on behalf of its representatives, agents, assignees, and attorneys, agrees to forever discharge and hold harmless Szlavik and any and all companies, officers, agents, representatives, heirs, assigns, and employees of same, from any and all claims, forfeitures, liabilities, obligations, appeals, or demands arising out of or related to the Pending Action, the investigation leading to the Pending Action, or the seizure of any Defendant *In Rem*, including, but not limited to, any claim for attorneys' fees, costs or interests which may be asserted on behalf of the United States.

8. As it pertains to this Forfeiture Judgment, all rights of appeal are hereby waived by all Parties. Notwithstanding the foregoing, the Parties do not waive their rights to enforce the terms of this Forfeiture Judgment, which rights are expressly retained.

9. The exclusive jurisdiction and venue for any dispute arising under the Settlement Agreement is the United States District Court for the District of Columbia, and this Court shall retain jurisdiction to enforce the Settlement Agreement.

10. In the event that any disputes arise about the interpretation of or compliance with the terms of this Forfeiture Judgment, the Parties will endeavor in good faith to resolve any such

disputes between themselves before bringing it to the Court for resolution.  However, in the event of either a failure by one of the parties to this Forfeiture Judgment to comply with its terms or an act by one of the Parties in violation of any provision hereof, the Parties may move this Court to impose any remedy authorized by law or equity, including awarding attorney's fees, issuing contempt citations and ordering monetary sanctions and penalties.

11.   The Court finds that there was reasonable cause for the seizure of the Defendant Accounts and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

    DEBORAH L. CONNOR, Chief
MONEY LAUNDERING AND ASSET
RECOVERY SECTION

By: _____/s/ Patricia M. Kessler_____
Woo Lee
Deputy Chief
Patricia M. Kessler
Shai D. Bronshtein
Trial Attorneys
Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Avenue, NW, Ste 10100
Washington, D.C.  20005
Tel: (202) 616-5313
Fax: (202) 514-5522

*Attorneys for Plaintiff United States*


DAVID B. SMITH, PLLC

By: _____/s/ Nicholas D. Smith_____
David B. Smith
Nicholas D. Smith
DAVID B. SMITH, PLLC
108 N. Alfred Street
Alexandria, VA 22314

*Attorneys for Claimant Joseph Szlavik*

IT IS SO ORDERED.

_____
CHRISTOPHER R. COOPER
United States District Judge

Signed this \_\_\_ day of _____, 2018.