## STIPULATION AND SETTLEMENT AGREEMENT

BETWEEN:

THE UNITED STATES OF AMERICA, Plaintiff

And

JOSEPH SZLAVIK, Claimant

WHEREAS:

1. On May 9, 2017, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Complaint") in the United States District Court for the District of Columbia, captioned at *United States of America v. $215,587.22 et al.* (the "Pending Action"), related to its seizure of funds from nine separate bank accounts (the "Defendant Accounts"), as more fully described in the Complaint;

2. On June 14, 2017, Andrea and Joseph Szlavik filed a joint verified claim to the funds in one of the Defendant Accounts that are the subject of the Pending Action, and on May 15, 2018, following preliminary discovery and negotiations, the United States filed a Joint Stipulation to Release Funds to Andrea Szlavik regarding the funds to which Andrea Szlavik had filed a claim, in full satisfaction of her claim, and those funds, $5,087.26, were subsequently released to Andrea Szlavik;

3. On June 14, 2017, in addition to the joint verified claim that he submitted with his wife, Andrea Szlavik, Joseph Szlavik also filed a verified claim to all remaining Defendant Accounts that are the subject of the Pending Action;

4. The Defendant Accounts were seized by the United States and all but the portion released to Andrea Szlavik remain in the possession of the United States;

5. Notice of the Pending Action was published on the government website www.forfeiture.gov for 30 consecutive days, and the deadline for third party claims to be filed in this matter has also expired; and

6. The United States and Joseph Szlavik have negotiated a settlement agreement and wish to resolve the Pending Action and Szlavik's claim via this Stipulation and Settlement Agreement ("Settlement Agreement").

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE UNDERSIGNED PARTIES AS FOLLOWS:

1. The United States and Joseph Szlavik consent to the terms of this Settlement Agreement, and agree to take all reasonable steps necessary to execute its terms.

2.  Szlavik represents that he owns the Defendant Accounts that are the subject of his verified claim.

3.  Pursuant to this Settlement Agreement, the United States agrees to release $198,000 of the seized funds from the Defendant Accounts, without interest, in full satisfaction of Szlavik's claim.

4.  Pursuant to this Settlement Agreement, all of the remaining funds seized from the Defendant Accounts, approximately $272,317.95, will be forfeited by the United States, and all right, title, and interest shall be vested in the United States and no one else.

5.  Pursuant to this Settlement Agreement, Szlavik agrees not to file any future claim with respect to the Defendant Accounts or any facts related to the Complaint.

6.  Pursuant to this Settlement Agreement, Szlavik agrees not to file a claim or contest the administrative forfeiture of $4,000 seized from his residence on September 5, 2013, which funds were administratively forfeited by the United States on October 20, 2014.

7.  The United States and Szlavik agree that the settlement of this matter upon the terms and conditions set forth in this Settlement Agreement shall be the final and complete satisfaction of all claims asserted by the United States and Szlavik in the Pending Action.

8.  Except as otherwise provided for in this Settlement Agreement, the United States and Szlavik specifically waive any rights to further litigate against each other their respective interests in the Defendant *Res* or to petition for remission or mitigation of the settlement, releases, or forfeiture.

9.  Szlavik hereby agrees to forever discharge and hold harmless the United States and any and all of its agencies, agents, officers, employees and contractors (including, but not limited to, the Department of Justice, the Department of Homeland Security, and their agents officers, employees and contractors) from any and all claims, forfeitures, liabilities, obligations, appeals, or demands arising out of or related to the Pending Action, the investigation leading to the Pending Action, or the seizure of any Defendant *In Rem*, including, but not limited to, any claim for attorneys' fees, costs or interests which may be asserted on behalf of Szlavik, whether pursuant to 28 U.S.C. § 2465 or otherwise.

10. The United States, on its own behalf and on behalf of its representatives, agents, assignees, and attorneys, hereby agrees to forever discharge and hold harmless Claimant Joseph Szlavik and any and all companies, officers, agents, representatives, heirs, assigns, and employees of same, from any and all claims, forfeitures, liabilities, obligations, appeals, or demands arising out of or related to the Pending Action, the investigation leading to the Pending Action, or the seizure of any Defendant *In Rem*, including, but not limited to, any claim for attorneys' fees, costs or interests which may be asserted on behalf of the United States.

11. For the purpose of effectuating this Settlement Agreement, Szlavik, without admitting any liability, agrees not to oppose the entry of a Consent Judgement of Forfeiture consistent with the terms of this Settlement Agreement.

12. Each party shall bear its own costs, attorney's fees, and expenses.

13. As it pertains to this Settlement Agreement, all rights of appeal are hereby waived. Notwithstanding the foregoing, the United States and Szlavik do not waive their rights to enforce the terms of this Settlement Agreement, which rights are expressly retained.

14. Szlavik and the United States agree that this Settlement Agreement will become immediately null and void should the Court fail to enter a Consent Judgement of Forfeiture consistent with this Settlement Agreement.

15. Szlavik acknowledges that he is, and has been, represented by competent counsel in connection with the negotiation, preparation, and execution of this Settlement Agreement, and the legal effects thereof have been explained to him, and he is entering into this Settlement Agreement freely and voluntarily, without coercion, duress or undue influence.

16. This Settlement Agreement constitutes the entire final, complete and exclusive agreement and understanding between and among the United States and Szlavik, and supersedes all prior or contemporaneous written or oral agreements. The United States and Szlavik expressly acknowledge that they have not relied on any representations, warranties, agreements, or understandings not expressly contained in this Settlement Agreement.

17. There shall be no modification of this Settlement Agreement unless in writing and signed by all the undersigned parties or their authorized representatives.

18. This Settlement Agreement, and any dispute arising thereof, shall be governed by the laws of the United States and the laws of the District of Columbia. The United States and Szlavik agree that the exclusive jurisdiction and venue for any dispute arising under this Settlement Agreement is the United States District Court for the District of Columbia. This Court shall retain jurisdiction to enforce this Settlement Agreement.

Dated: 10/25/18     By:

MONEY LAUNDERING AND ASSET RECOVERY SECTION

DEBORAH L. CONNOR
Chief
Woo Lee
Deputy Chief
Patricia M. Kessler
Shai D. Bronshtein

Trial Attorneys
Money Laundering and Asset
  Recovery Section
U.S. Department of Justice
1400 New York Ave NW
Washington, D.C. 20005

Attorneys for Plaintiff
UNITED STATES OF AMERICA


DAVID B. SMITH, PLLC


Dated: 10/25/18          By: _____

DAVID B. SMITH
NICHOLAS D. SMITH
David B. Smith, PLLC
108 N. Alfred Street
Alexandria, VA 22314

Attorneys for
CLAIMANT JOSEPH SZLAVIK